### MERRICK *against* PHELPS :

#### IN ERROR.

A one horse wagon, with a single fixed seat, and two full grown persons sitting thereon, one of them driving, is a " wagon," but not a " *loaded* wagon," within the charter of the *Hartford and New-London Turnpike Company.*

This was an action of *assumpsit,* brought originally before a justice of the peace, against *George Phelps,* keeper of the turnpike gate of the *Hartford and New-London Turnpike Company* in *Marlborough,* to recover the sum of 12 1-2 cents, alleged to have been unlawfully exacted and taken of the plaintiff, by the defendant, for passing said gate.

By the act of incorporation, granted in *October,* 1800, the company were authorized to take, among others, the following rates of toll, *viz.* "For each four-wheel pleasure carriage, driver and passengers, 25 cents; for each loaded cart, sled, sleigh or wagon, and driver, 12 cents, 5 mills ; for each empty cart, sled, sleigh or wagon, 6 cents, 3 mills." The plaintiff was travelling in a four-wheel wagon, drawn by one horse, having in it a single seat, fixed on wooden springs, and two full

grown persons sitting thereon, one of whom was driving the horse. The justice rendered judgment for the plaintiff to recover the sum demanded. On a writ of error in the superior court, this judgment was reversed; and to obtain a reversal of the judgment of the superior court, the present writ of error was brought.

*J. Trumbull* and *W. W. Ellsworth*, for the plaintiff, contended, 1. That he was not liable to the payment of any toll for passing with the vehicle in question; it not being within any description of vehicle specified in the company's charter. The "wagon" intended by the legislature, and the only vehicle bearing that name, which was known and in use when the charter was granted, was a wagon for the transportation of loads, usually, if not always, drawn by two horses. The legislature had in view two classes of vehicles; one for the *conveyance of passengers*, which included the "four wheel pleasure carriage," mentioned in one of the clauses; and the other for the *transportation of loads*, which included the "wagon," either "loaded" or "empty," mentioned in two subsequent clauses. This vehicle belonged to neither of those classes.

2. That if this was a "wagon" within the meaning of the legislature, still it was not a "*loaded* wagon." It had no load, except two passengers, one of whom was driving; but passengers, as such, never constitute a load.

*Daggett* and *T. S. Williams*, for the defendant, contended, 1. That the vehicle in question was not exempted from toll. The object of the legislature was to subject the traveller to an equitable payment for the use of the road. Among the vehicles specified as subject to toll, are "four wheel pleasure carriages" and "wagons." These were terms in popular use, when the charter was granted; and they must be construed according to such popular use. The words "four wheel pleasure carriage," as a general term, had there been none more specific and appropriate, might have included this vehicle. *Moss v. Moore.* 18 *Johns. Rep.* 128. But that it is a "wagon," in the popular sense of the term, there can be no doubt. In popular language it has always been known as a wagon, and by no other appellation. The court cannot say, that there were not wagons in use precisely of this kind, when the charter was granted. 2. That this was a "*loaded* wagon;" and the defendant had a right to exact the toll he received. The charter contem-

*Hartford,*
J ne,
1825.

Merrick
*v.*
Phelps.

plates wagons in two predicaments, with reference to which the toll is stated, *viz. loaded* and *empty.* This was manifestly not an *empty* wagon. Why was it not *loaded?* The charter does not say of what the load shall consist. Common sense declares, that it may consist of any thing, that has bulk and weight. A stage-coach may be *loaded* with men and women, or with baggage. A cart may be *loaded* with calves and sheep, or with stone and wood. A one-horse wagon with accommodations for two persons, is *loaded,* when it has two persons in it. The amount of bulk and weight is not material, provided it be not merely nominal. But, in this case, there is no room for controversy on that ground. Two full grown persons is a sufficient load for one horse, and as much as the vehicle would accommodate.

BRAINARD, J. The plaintiff in error passed through a turnpike gate on the *Hartford* and *New-London* turnpike road, in a small one-horse wagon, having one person with him besides himself. The defendant in error, the keeper of the gate, exacted 12 1-2 cents, the full rate of toll for a loaded wagon on that road. The plaintiff having paid the sum exacted, brought his action of *assumpsit* to recover it, and obtained judgment for the sum paid; on which a writ of error was brought, and the judgment was reversed.

Two questions arise: 1. Was this vehicle a wagon within the company's charter? 2. Was it a *loaded* wagon?

It certainly was a wagon; and, I think, a wagon within the charter; for the charter includes wagons by the general name, without any other distinction than *loaded* and *empty,* or *loaded* and *not loaded.*

It is immaterial, whether at the *time of* granting the charter, wagons of this construction were, or were not, in common use. A different modification of the same thing, in substance, cannot alter its essential character.

But I am of opinion, that within the true spirit and meaning of the charter, this was not a *loaded* wagon. That such wagons may be so loaded as to come within the class of such as are liable to pay full toll, I admit; and that two persons may constitute a heavy load for a small feeble horse, I also admit; but that such would constitute a loaded wagon within the meaning of the charter, I do not admit.

To say, that every wagon must be either loaded or empty; that this wagon was not empty; therefore, it must be loaded,

*Hartford,*
June.
1825.

Merrick
*v.*
Phelps.

may, for aught I know, be tolerable *school* logick; but when applied to the present subject, it is logick, which I think common sense will not sanction. A "*loaded*" wagon, as meant by the charter, is not contra-distinguished from a wagon absolutely "*empty*." A wagon absolutely empty, would be taken as an estray; at least, it would not be suffered to pass the gate; for there would be no person answerable for the toll.

That a man in one of these little one-horse wagons, with his wife or daughter, going into some of our towns, with a basket of eggs, or a box of butter, or on a journey, can be said to be travelling in a *loaded* wagon, I do not believe.

I am, therefore, of opinion, that there is error in the judgment of the Justice. I am also of opinion, that there is error in the judgment of the Judge on the circuit, if he determined that the vehicle in question was a loaded wagon, liable to full toll. I think the charter directs a middle course, and requires toll as an empty wagon.

HOSMER, Ch. J. was of the same opinion.

PETERS and BRISTOL, Js. thought, that the vehicle in question was not only a wagon, but a *loaded* wagon.

Judgment reversed.